## WERNE v ROOT

Ohio Appeals, 9th Dist, Summit Co

No 2650.   Decided May 29, 1936

Gottwald & Breiding, Akron, for plaintiff in error.

R. N. Nesbitt, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

This was a malpractice case, in which Anna M. Werne, plaintiff in error, sued Joseph C. Root, the defendant in error, the case being disposed of by a special verdict of the jury, upon which the court rendered judgment in favor of the defendant in error.

Plaintiff accidently cut the palm of her hand with a sharp knife, the wound being about 1½ inches long and ¼-inch deep, a small artery being severed.   She at once called the defendant, and he clamped and tied off the ends of the severed artery, thus stopping the flow of blood, and dressed the wound, sewed it up, and bandaged the hand, and told the plaintiff to return in two days.

The plaintiff returned in two days, and at that time the defendant unbandaged the hand, again dressed the wound and put on some methyolate and rebandaged it, tell-

ing plaintiff to return in three days, which would be on a Monday.

The condition of the hand became so painful that the plaintiff, after trying to get in touch with the defendant, and being unable to do so, went to another physician on Sunday, and he found a case of very severe infection and took prompt measures and did all he could to control the infection during the next few days, but was unable to do so, and sent the plaintiff to the hospital for an operation and treatment by another physician, and after two operations and treatment for some time, the infection was cured, but plaintiff's hand was left in a permanently crippled condition.

In her suit, plaintiff claimed negligence of the defendant in the first treatment, and in the second treatment also. By special verdict the jury found that the defendant was not negligent in the first treatment, and that he was negligent in the second treatment, but that such negligence was not the proximate cause of the condition of plaintiff's hand.

The claim was made, and evidently the jury found, that if the defendant had treated the wound in the manner in which he should have treated it on the occasion of the second visit, probably the result would not have been different than it was.

One claim of error is that the court refused to grant a new trial on the ground that such finding by the jury was manifestly against the weight of the evidence.

Two physicians who treated the plaintiff testified on that subject, and there are some elements shown in the record bearing on the question which the jurors were entitled to consider in the light of their knowledge and experience as ordinary laymen.

The only basis for the finding of the jury that the defendant was negligent on the occasion of the second treatment, is that at that time it was evident from the condition of the wound and the information given in reference thereto by the plaintiff that infection was then either present or imminent and that the defendant should have recognized that condition and opened the wound and treated it and cautioned the plaintiff to return just as soon as increased pain and swelling and other symptoms appeared.

The basis for the finding that defendant's failure to perform that duty was negligence was the conclusion that if he had performed such duty he might have prevented or arrested the progress of the infection. Therefore, whether such failure was the proximate cause of what followed depended upon the probability of preventing or arresting infection by the doing of that which the defendant failed to do.

In order to answer the proximate cause question as it did, the jury must have found (if they understood the problem presented) that had the defendant done what he should have done, infection would probably not have been prevented or arrested.

What was the probability of the defendant's preventing or arresting the progress of such infection by doing that which he should have done on the occasion of the second visit?

Two experts, and the defendant himself, testified that if the condition of the wound was as the jury found it to be the wound should have been opened and treated differently than it was, and while the two experts could not say "for sure" that, if it had been so treated, infection would have been prevented or arrested, a consideration of their testimony leads to the conclusion that it fairly appears that if said wound had been so treated that soon after the wound was inflicted, it is much more probable that infection would have been prevented or arrested than that it would not have been.

There is some evidence by one of the experts that indicates that favorable results from treatment which the defendant failed to give is **very much** more probable. That that is likely is indicated by the fact that such treatment is so universally resorted to by good physicians.

The plaintiff was not required to establish proximate cause to a certainty; it is sufficient if her claim in that regard is more probable than any other claim.

A consideration of all of the evidence in the case leads us to the unanimous conclusion that the finding of the jury that the negligence of the defendant which they found, and properly found, to exist relative to what he did on plaintiff's second visit to him, was not the proximate cause of the present condition of plaintiff's hand, is manifestly against the weight of the evidence, and for that reason that the judgment should be reversed.

Complaint is made of the court's submitting to the jury the form of special verdict so arranged that the jurors could indicate their conclusion as to each of the controlling facts in issue; but we find that criticism made to the court in that regard to be not well taken.

There is also some criticism as to the meagerness of the charge of the court, and we find that such criticism is not justified under the circumstances of this case. On the contrary, we find that, under all the circumstances presented by the record in this case, the manner in which the court submitted the issues to the jury was free from error and in fact commendable.

For error in not granting a new trial on the ground that the finding of the jury on the question of proximate cause was manifestly against the weight of the evidence, the judgment is reversed and the cause remanded.

FUNK, PJ, and STEVENS, J, concur in judgment.